*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 06a0003p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,

    *Plaintiff-Appellant,*

    *v.*

No. 04-4152

JAMES WILLIAMS, JR.,

    *Defendant-Appellee.*

>

Appeal from the United States District Court
for the Northern District of Ohio at Youngstown.
No. 02-00390—Dan A. Polster, District Judge.

Argued: September 22, 2005

Decided and Filed: December 14, 2005[*]

Before: SILER and SUTTON, Circuit Judges; SHARP, District Judge.[**]

---

## COUNSEL

**ARGUED:** Daniel S. Goodman, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellant. Debra Kanevsky Migdal, FEDERAL PUBLIC DEFENDER'S OFFICE, Cleveland, Ohio, for Appellee. **ON BRIEF:** Daniel S. Goodman, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., Sharon L. Long, ASSISTANT UNITED STATES ATTORNEY, Cleveland, Ohio, for Appellant. Debra Kanevsky Migdal, FEDERAL PUBLIC DEFENDER'S OFFICE, Cleveland, Ohio, for Appellee.

---

## OPINION

---

    SILER, Circuit Judge. Defendant James Williams pled guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). At sentencing, the district court granted Williams a downward departure from the Guidelines range, imposing a sentence of 24 months. The United States appeals the downward departure. We AFFIRM.

---

[*] This decision was originally issued as an "unpublished decision" filed on December 14, 2005. The court has now designated the opinion as one recommended for full-text publication.

[**] The Honorable Allen Sharp, United States District Judge for the Northern District of Indiana, sitting by designation.

## BACKGROUND

In 2001, Williams, a convicted felon, was stopped for a traffic violation in Youngstown, Ohio, when an officer noticed a handgun in the vehicle. He was later indicted on one count of being a felon in possession of a firearm in violation of § 922(g)(1). The plea agreement stated that Williams's base offense level was 20, he was entitled to a three-level downward departure for acceptance of responsibility, the prosecution would not seek an upward departure, and Williams was "not to seek a downward departure from the applicable sentencing guidelines." With a base offense level of 17 and a criminal history category of V, Williams's sentencing range was 46-57 months.

At the sentencing hearing in 2003, the district court departed downward four levels from the Guidelines criminal history range, resulting in a sentence of 24 months. After an appeal by the prosecution challenging the downward departure, we remanded the case for resentencing, finding that the district court failed to notify the parties prior to sentencing that it was contemplating a downward departure. *See United States v. Williams*, 97 F. Appx. 613 (6th Cir. 2004). At the resentencing hearing in 2004, this time with notice to the parties that it was considering a downward departure, the court again imposed a sentence of 24 months accompanied by a statement of reasons. This sentence, unlike the previous one, was based upon a two-level departure in the offense level and a two-level departure in the criminal history category.

## DISCUSSION

We review a district court's departure from the recommended Guidelines sentence under an abuse of discretion standard. *United States v. Cole*, 359 F.3d 420, 429 (6th Cir. 2004). However, following the decision in *United States v. Booker*, 543 U.S. 220 (2005), the sentence imposed by the district court must be reasonable. *United States v. Jackson*, 408 F.3d 301, 304 (6th Cir. 2005). In order for an appellate court to effectively review the reasonableness of the sentence, there must be an adequate explanation of the district court's reasons for imposing the sentence.

"In our view, *Booker* requires an acknowledgment of the defendant's applicable Guidelines range as well as a discussion of the reasonableness of a variation from that range. Further. . . the district court must consider the advisory provisions of the Guidelines and the other factors identified in 18 U.S.C. § 3553(a)." *Id.* at 305. A mere list of characteristics of the defendant considered at sentencing by the district court, "without any accompanying analysis, is insufficient to justify the sentence imposed, as it renders our reasonableness review impossible." *Id.* Accordingly, an "articulation of the reasons the district court reached the sentence ultimately imposed" is necessary "to enable this court to engage in a meaningful reasonableness review." *Id.*

Ultimately, in *Jackson*, the sentence was inadequate because the district court failed to reference the applicable Guidelines provisions and failed to explain, beyond a list of the defendant's characteristics it considered, the reasons for the particular sentence imposed. *Id.* Moreover, the district court in that case relied on numerous factors upon which the Guidelines explicitly prohibit or discourage reliance. *Id.* at 303-05.

In this case, the district court began its opinion by acknowledging that the applicable Guidelines range, as set out in the plea bargain, called for a sentence of imprisonment of 46-57 months. The court articulated the specific reasons that supported its decision to grant a downward departure in this instance. With regard to the two-level reduction in offense level, it noted that this was "outside of the heartland of the typical felon in possession case" for two reasons. First, Williams had been charged with no serious criminal conduct since 1991. Second, Williams was carrying the weapon under extenuating circumstances. As the court noted, Williams had "received threats" from the relatives and friends of a man he shot in self defense in 2000 as that man had attempted to rob Williams. The district court reasoned, "While this is not a defense or an excuse for

the crime, it is a mitigating factor not adequately taken into consideration in formulating the Guidelines. This fact pattern appears to be one contemplated by [USSG] § 5K2.11, which permits a departure in cases where a defendant commits a crime in order to avoid a perceived greater harm." Regarding the two-level reduction in criminal history level, the court justified its decision by pointing to USSG § 4A1.3. Noting that most of Williams's criminal history points stemmed from conduct that occurred in 1990 and 1991, the court determined that "Criminal History Category V overrepresented the seriousness of Williams's criminal history and the likelihood of his committing additional offenses."

The district court clearly followed the framework erected in *Jackson* for appropriate sentencing analysis. The district court explicitly relied on the factors identified as appropriate by the *Jackson* court and evidenced little, if any, reliance upon those factors deemed inappropriate.[1] In fact, the court principally relied upon factors listed in § 3553(a). In addition, the district court expressly relied upon two policy statements issued by the Sentencing Commission. *See* USSG §§ 4A1.3(b)(1) (authorizing a downward departure "[i]f reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes"), 5K2.11 (where "a defendant may commit a crime in order to avoid a perceived greater harm. . . a reduced sentence may be appropriate"). As § 3553(a)(5) indicates, a "pertinent policy statement" is a valid factor to be considered in imposing a sentence. In contrast to the facts in *Jackson*, the district court in this case considered the applicable Guidelines range and provided a detailed analysis relying upon relevant factors to justify its decision. Therefore, the district court conducted an appropriate analysis and we, as an appellate court, are able to engage in meaningful appellate review.[2]

Now turning to the reasonableness of the decision to depart, upon review of the record, the Guidelines range, and the justifications set forth by the district court, we cannot conclude that the departure was unreasonable.

AFFIRMED.

---

[1] Although the district court referred in passing to Williams's family responsibilities (a disfavored factor under USSG § 5H1.6) and his good conduct in prison during the sentencing proceedings, these were not the primary bases on which the downward departure rested.

[2] See also *United States v. Briceno*, 136 F. Appx. 856, 858-59 (6th Cir. 2005), where the district court granted a six-level downward departure based on the unique circumstances surrounding Briceno's acquisition and possession of the firearm; his family responsibilities; his compliance with pretrial monitoring; and the length of time that had passed since his prior felony offense.