NOT RECOMMENDED FOR PUBLICATION
File Name: 07a0678n.06
Filed: September 18, 2007

No. 06-1943

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

       v.

ADAM SETH PUNSCHKE,

    Defendant-Appellant.

On Appeal from the United States District Court for the Western District of Michigan at Grand Rapids

_____/

**Before:**     **MARTIN, GUY, and CLAY, Circuit Judges.**

    **RALPH B. GUY, JR., Circuit Judge.**     Defendant Adam Punschke appeals from the 78-month sentence imposed following his plea of guilty to one count of possession with intent to distribute cocaine. *See* 21 U.S.C. §§ 841(a) and (b)(1)(C). Defendant argues that the district court erred in determining the quantity of drugs attributable to him for purposes of determining the base offense level, improperly counted two prior convictions in his criminal history, and should have departed downward on the grounds that the criminal history score significantly overrepresented the seriousness of his prior offenses. After review of the record and the arguments presented on appeal, we affirm.

## I.

    Defendant was initially charged with possession with intent to distribute more than

500 grams of cocaine on October 27, 2005. A three-count superceding indictment was then filed charging defendant and codefendants James Morkert and Jordan McIntosh with conspiracy to distribute and possess with intent to distribute more than 500 grams of cocaine between the fall of 2004 and October 27, 2005. Ultimately, defendant pleaded guilty to a subsequently filed one-count information charging him, only, with possession with intent to distribute a detectable amount of cocaine on October 27, 2005.

The written plea agreement stipulated that the relevant conduct to be attributed to defendant for purposes of computing the guideline range shall be at least 500 grams but no more than 2 kilograms of cocaine. There was no agreement that this stipulation would be binding, however, and in the same paragraph of the plea agreement the parties stipulated to the following factual basis for the plea:

> On October 27, 2005, Adam Punschke possessed approximately 625 grams of cocaine that he delivered to James Morkert. Adam Punschke was expecting payment of approximately $13,000 for 500 grams of cocaine. On previous occasions, beginning as early as 2003, Adam Punschke had delivered cocaine to James Morkert. There were three deliveries of approximately 500 grams between the spring of 2005 and October 2005. Previous deliveries of cocaine by Adam Punschke to James Morkert equaled about and [sic] additional half-kilogram.

The district court rejected the stipulation regarding quantity—which would have resulted in a base offense level of 26—and found instead that defendant should be held accountable for at least 2 kilograms but less than 3.5 kilograms of cocaine—which corresponded to a base offense level of 28. Defendant appeals from that determination. The district court also rejected an enhancement for possession of a firearm during relevant conduct and granted a two-level reduction for acceptance of responsibility. This resulted in a total adjusted offense

level of 26.

Defendant, age 23 at the time of sentencing, was assessed three criminal history points associated with three prior criminal convictions. No points were assessed for a 2005 conviction for delivery/manufacture of marijuana because it was treated as relevant conduct.[1] Defendant concedes that one prior drug conviction—a 2003 conviction for possession of marijuana—was properly counted, but contends that two other convictions should not have been counted. With only one criminal history point, defendant would have fallen within criminal history category I, the guideline range would have been lower, and he would have argued for sentencing under the safety valve provisions of 18 U.S.C. § 3553(f). Having found defendant had an offense level of 26 and a criminal history category II, the applicable sentencing guideline range was 70 to 87 months' imprisonment. Rejecting defendant's request for a downward departure to criminal history category I, the district court recognized the guidelines as advisory and sentenced defendant in light of the relevant sentencing factors to a 78-month term of imprisonment and three years of supervised release. This appeal followed.

## II.

Sentences imposed post-*Booker* are reviewed for procedural and substantive reasonableness. *United States v. Booker*, 543 U.S. 220, 261 (2005); *United States v.*

---

[1]Defendant was charged with two counts of delivery/manufacture of marijuana and felony firearm, pleaded guilty, and was sentenced to an 18-month term of probation. Defendant successfully completed probation on October 11, 2005, two weeks before his arrest for possession with intent to distribute cocaine in this case. Also not counted were pending charges for driving with a suspended license after defendant's arrest in this case.

*Williams*, 432 F.3d 621, 623 (6th Cir. 2005). "A sentencing judge must appreciate the advisory nature of the guidelines, must calculate the guidelines' recommendation correctly and must consider the [18 U.S.C.] § 3553(a) factors in exercising her independent judgment about what sentence to impose[.]" *United States v. Cruz*, 461 F.3d 752, 754 (6th Cir. 2006) (citing *United States v. McBride*, 434 F.3d 470, 476 (6th Cir. 2006)). This appeal concerns one component of procedural reasonableness—whether the district court correctly calculated the applicable sentencing guideline range. The district court's interpretation of the guidelines is reviewed *de novo*, while findings of fact made during sentencing are reviewed for clear error. *United States v. Canestraro*, 282 F.3d 427, 431 (6th Cir. 2002).

## A.      Base Offense Level

In this case, the base offense level depends on the quantity of drugs attributed to the defendant as relevant conduct. UNITED STATES SENTENCING GUIDELINES MANUAL (USSG) § 2D1.1(a)(3), § 2D1.1 cmt. n.12, and § 1B1.3(a)(2) (2006). When the amount is uncertain, the sentencing judge must approximate the quantity of drugs for which the defendant is more likely than not responsible. *United States v. Jennings*, 83 F.3d 145, 149 (6th Cir. 1996). Defendant contends on appeal that the district judge clearly erred by holding him accountable for at least 2 kilograms but less than 3.5 kilograms of cocaine (or the equivalent of at least 400 kilograms but less than 700 kilograms of marijuana).

The presentence report (PSR) recommended that 3.06 kilograms of cocaine and 7.99 kilograms of marijuana, or the equivalent of 619.99 kilograms of marijuana, be attributed to him as relevant conduct. Defendant objected prior to sentencing and relied on the stipulation

in the plea agreement that relevant conduct involved less than 2 kilograms of cocaine.

The district judge found instead that the factual basis of defendant's plea, the information received from Morkert and McIntosh to which defendant had not objected, and the quantities involved in the prior conviction that was not included in defendant's criminal history more than exceeded the equivalent of 2 kilograms of cocaine. The record supports this determination.

Briefly, an investigation into cocaine trafficking led to the detention of McIntosh on October 12, 2005, and the discovery of 55.36 grams of cocaine. Another 177 grams of cocaine and $5,570 in cash was then found in McIntosh's residence. McIntosh arranged a controlled purchase of half a kilogram of cocaine from Morkert, his supplier, who got the cocaine from defendant. Morkert was arrested while delivering the cocaine to McIntosh on October 27, 2005. Morkert informed police that he had been purchasing cocaine from defendant for a year and a half. According to Morkert, he met defendant while attending classes at Western Michigan University, started by buying "eight ball" quantities of cocaine, bought 4.5 ounces on seven or eight occasions, and then purchased half a kilogram quantities on four or five occasions. Another 4.5 ounces of cocaine was found in Morkert's apartment, which Morkert said he was holding for defendant. Morkert also said defendant supplied him with marijuana and admitted that he sold three to five pounds of marijuana to McIntosh during the previous year. In addition, McIntosh said he bought an ounce of cocaine directly from defendant at least five times when Morkert was out of town.

Finally, in calculating quantities associated with the prior drug conviction that was not

counted in defendant's criminal history, the PSR not only counted the approximately 115 grams of marijuana found during a traffic stop in 2004, but also converted cash found in defendant's residence into an equivalent quantity of marijuana. The cash, $8,507, was converted to the equivalent of 2.41 kilograms of marijuana based on information from Morkert that he purchased quarter-pound quantities of marijuana for $400.

By failing to object to the calculation as to quantity in the PSR, the defendant admitted the accuracy of those findings. *United States v. Stafford*, 258 F.3d 465, 475-76 (6th Cir. 2001). As defense counsel conceded in the sentencing memorandum, Morkert and McIntosh, if credible, could establish that defendant distributed more than 2 kilograms of cocaine. In fact, we need not consider whether Morkert and McIntosh are credible, or whether there was sufficient evidence to support the conversion of the $8,507 in cash to marijuana, because the district judge's finding is supported by defendant's admission in the plea agreement to the distribution of more than 2 kilograms of cocaine. Accordingly, we find that the district judge did not clearly err in determining that defendant would be held accountable for the equivalent of more than 2 kilograms but less than 3.5 kilograms of cocaine.[2]

In addition, defendant asserts for the first time on appeal that his sentence violates the Sixth Amendment. With respect to this claim, defendant cannot demonstrate plain error.

---

[2]The district judge did not count all of the quantities that could have been attributed to defendant. The judge explained that "Paragraph 59 has him between two kilograms and three and a half kilograms. That's really more like it. If I take his testimony and I blend it with all the rest of this testimony, I could be at five kilograms. But I'm saying it seems to me that the [PSR] found it was between two and three and a half."

First, although defendant pleaded guilty to the possession with intent to distribute an unspecified quantity of cocaine, there can be no *Apprendi* error because defendant's sentence did not exceed the statutory maximum of 20 years authorized by 21 U.S.C. § 841(b)(1)(C). *Apprendi v. New Jersey*, 530 U.S. 466 (2000); *see also*, *United States v. Page*, 232 F.3d 536, 543 (6th Cir. 2000). Second, *Booker* forecloses defendant's argument that any increase in his sentence based on judicial factfinding under a preponderance of the evidence standard violates the Sixth Amendment. *Booker* did not eliminate judicial factfinding, but rather rendered the sentencing guidelines advisory. *United States v. Coffee*, 434 F.3d 887, 898 (6th Cir.), *cert. denied*, 126 S. Ct. 2313 (2006); *United States v. Gates*, 461 F.3d 703, 707-08 (6th Cir.), *cert. denied*, 127 S. Ct. 602 (2006); *see also Rita v. United States*, 127 S. Ct. 2456, 2465-66 (2007) ("This Court's Sixth Amendment cases do not automatically forbid a sentencing court to take account of factual matters not determined by a jury and to increase the sentence in consequence.").

**B.      Criminal History Score**

As noted earlier, the district court assessed three criminal history points for three prior convictions. Conceding that one point was properly assessed for the prior conviction for possession of marijuana, defendant argues that the sentencing judge erred by counting both (1) the prior conviction for retail fraud committed while he was 17 years old, and (2) the prior misdemeanor conviction for attempted assaulting, resisting, and obstructing a police officer. Defendant also argues that even if one or both convictions were properly counted, they represented such "petty" offenses that a downward departure was warranted because a

criminal history score of 2 or 3 substantially overrepresented his criminal history.

### 1.      Retail Fraud

Points assessed for a conviction for offenses committed prior to age 18 vary. Three points are added "[i]f the defendant was convicted as an adult and received a sentence of imprisonment exceeding one year and one month." USSG § 4A1.2(d)(1). In other cases,

> (A) add **2** points under § 4A1.1(b) for each adult or juvenile sentence to confinement of at least sixty days if the defendant was released from such confinement within five years of his commencement of the instant offense;

> (B) add **1** point under § 4A1.1(c) for each adult or juvenile sentence imposed within five years of the defendant's commencement of the instant offense not covered in (A).

USSG § 4A1.2(d)(2). Defendant pleaded guilty to retail fraud and was sentenced to six months probation on September 5, 2000. Defendant asserts on appeal that the conviction should not have been counted because the sentence for retail fraud was imposed more than five years before the commencement of the instant offense. However, the application notes clarify that the term "commencement of the instant offense" includes any relevant conduct. USSG § 4A1.2 cmt. n.7. Because there is no question that the defendant was engaged in relevant conduct within five years of the sentence for retail fraud, it was not clearly erroneous to assess one point for this conviction.[3]

---

[3]Defendant states that the sentence of probation for retail fraud was unlawful because it did not include any term of imprisonment. While the retail fraud statute does not include probation among the listed penalties, Michigan law provides that probation is an available sentence except when excluded by statute. *See* MICH. COMP. LAWS ANN. § 771.1 (except in certain prosecutions (*i.e.*, murder, treason, criminal sexual conduct, armed robbery or major controlled substance offenses) a criminal defendant may be placed on probation if the court finds that he is not likely to engage again in offensive or criminal conduct and the public good does not require that the defendant suffer the penalty imposed by law).

## 2.      Attempted Assaulting, Resisting or Obstructing an Officer

The district court overruled defendant's objection to the addition of one point for his prior conviction under Michigan law for misdemeanor attempted assaulting, resisting, or obstructing an officer.  Defendant argues, as he did at sentencing, that the conviction should have been excluded under USSG § 4A1.2(c)(1), which provides that certain offenses, including "Resisting Arrest" and "offenses similar to [resisting arrest] by whatever name they are known," are not to be used to calculate a defendant's criminal history unless the prior offense was similar to the instant offense, the defendant was given probation of at least one year, or the defendant was sentenced to a term of at least 30 days' imprisonment.  Since defendant's prior sentence was for 10 days or $280 fine, and because the offense was not similar to the instant offense of possession with intent to distribute cocaine, the sentence may be excluded from defendant's criminal history if it was for resisting arrest or an offense similar to resisting arrest.

Although the judgment is not part of the record on appeal, there seems to be no dispute that defendant's conviction was for misdemeanor attempted violation of § 750.81d(1), which makes it unlawful for one to assault, batter, wound, resist, obstruct, oppose or endanger a person who he knows or has reason to know is an officer performing his duties.  MICH. COMP. LAWS ANN. § 750.92(3) (Attempt).  Although misdemeanor resisting arrest would normally be excluded by USSG § 4A1.2(c)(1), in this case the PSR concluded that the conviction should be counted because a review of the court documents reflected that the conviction had the additional element of assault.  The district judge counted

the conviction, indicating that the charging document included assault.

In determining the similarity of offenses under § 4A1.2(c), district courts should consider "the similarity between the 'essential characteristics' of the activity underlying the offense of prior conviction and those underlying the listed offenses." *United States v. Cole*, 418 F.3d 592, 598 (6th Cir. 2005). While attempted assaulting, resisting, or obstructing an officer would seem to encompass both assault and resisting arrest, we need not resolve this issue because any error in counting this conviction would be harmless error. That is, whether defendant is assessed two or three criminal history points, his criminal history category would still be II. As a result, any error in counting this conviction would have no affect on the defendant's sentencing guideline range.

### 3.    Downward Departure

A downward departure in criminal history category may be warranted under USSG § 4A1.3(b) "[i]f reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes[.]" As defendant concedes, the refusal to grant a downward departure under the guidelines is not reviewable on appeal unless the record reflects that the district judge was not aware of or did not understand his discretion to make such a departure. *United States v. Puckett*, 422 F.3d 340, 345 (6th Cir. 2005), *cert. denied*, 547 U.S. 1122 (2006). Although a defendant remains free to argue that his sentence was unreasonable post-*Booker*, no such argument has been made in this case. *Id*. at 344-45. Rather, defendant argues that the following comments suggest that the district

judge did not recognize his authority to depart downward:

> THE COURT: I think so. I think so. Your argument is preserved, Mr. Hills, but . . . the problem with these so-called guidelines, and they are so-called, is that they make me arrive at something, and obviously there's a, Well, you can't believe this person. Well, it's not objected to. If it's not objected to, according to the guidelines I have to conclude that it can be used.
>
> So your objection is noted, but it's clearly overruled. I think if anything the benefit of the doubt was given to [the defendant], plus all this money plus the Lincoln Navigator. I mean, . . . this isn't a close call.

Even cursory examination of the transcript makes evident that these comments were directed to the question of what quantity of drugs would be attributed to the defendant from the facts set out in the PSR. Indeed, when defense counsel specifically asked for a downward departure, the district judge denied the motion with the following explanation:

> THE COURT: Well, a criminal history level of I, I think that's where defense counsel wishes me to go in this matter, would be as though he had no record whatever or as though what he had was of no significance. And here's a 22-year-old individual who has not only a series of driving offenses—some of which, I might add, have occurred since the guilty plea [and were still pending at the time of sentencing]—but we have certainly some criminal behavior here that's of some note.
>
> This II does not overrepresent his record. If it were a III or IV, maybe we could look at it a little differently. But no, no, I think this criminal history level of II is appropriate under the circumstances. . . . [I]t might underrepresent, but it certainly doesn't overrepresent Mr. Punschke's record as he presently stands here. . . .

It was not necessary for the district judge to explicitly state that he knew he had the authority to grant a departure. *Puckett*, 422 F.3d at 346; *United States v. Byrd*, 53 F.3d 144, 145 (6th Cir. 1995). Here, the district judge recognized his authority to depart downward, and concluded that a downward departure was not warranted in this case. Consequently, the

refusal to depart downward under § 4A1.3(b) is unreviewable on appeal.

**AFFIRMED.**