**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 09a0297n.06
Filed: April 22, 2009

**No. 08-5657**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| WILLIAM EDMISTON, JR., | ) | **O P I N I O N** |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE:    **CLAY and McKEAGUE, Circuit Judges; and HOLSCHUH, Senior District Judge.**[*]

**PER CURIAM.**  William Edmiston, Jr., pleaded guilty to one count of possessing child pornography.  At the time of his sentencing, Edmiston was eighty three years old.  While his defense counsel argued that Edmiston should receive a sentence of probation, the district court disagreed and sentenced him to a term of imprisonment of one year and one day, a term significantly below the sentencing range recommended under the Guidelines.  On appeal, Edmiston argues that his sentence is unreasonable.  For the reasons set forth below, we find that his sentence is reasonable and affirm.

**I**

---

[*]The Honorable John D. Holschuh, Senior United States District Judge for the Southern District of Ohio, sitting by designation.

The Federal Bureau of Investigation received information that Edmiston purchased a membership to a website using OrangeBill, an online business which processed credit card payments for various websites, including websites depicting child pornography. Based on this information, postal inspectors mailed a letter to Edmiston advertising the sale of child pornography. He responded that he was interested in receiving further information about pornographic movies depicting girls in the age ranges of nine to thirteen and thirteen to eighteen. Postal inspectors sent him a form to order the child pornography; the form noted "that discretion [was] necessary due to the sensitive and illegal content of these movies." Presentence Report ("PSR") at 4. Edmiston ordered two of the listed DVDs, the descriptions of which were particularly violent.

Postal inspectors conducted a controlled delivery of the DVDs. Edmiston signed for the package. Approximately thirty seconds later, a beeper that inspectors had installed inside the package began emitting a noise, alerting them that the package had been opened and the contents removed. The inspectors served Edmiston with a search warrant moments later. The inspectors recovered the DVDs and portions of the order forms and descriptions. A search of his computer further revealed the possession of thirty images involving a pubescent female engaged in lewd and lascivious behavior. In a subsequent interview, Edmiston admitted that he ordered the DVDs and knew that the DVDs contained child pornography.

On July 9, 2007, a federal grand jury returned a one-count indictment against Edmiston, charging that he knowingly possessed, and attempted to possess, child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). On February 20, 2008, he pleaded guilty to the single count without a plea agreement.

The probation office prepared a PSR. Using the 2007 edition of the Guidelines Manual, the probation office calculated a base offense level of eighteen, with the following adjustments: a four-point enhancement for material that portrays sadistic or masochistic conduct or other depictions of violence (U.S.S.G. § 2G2.2(b)(4)); a two-point enhancement for the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material (U.S.S.G. § 2G2.2(b)(6)); a three-level enhancement because of the number of images (U.S.S.G. § 2G2.2(b)(7)(B)); and a three-level reduction for acceptance of responsibility (U.S.S.G. § 3E1.1). PSR at 7-8. The resulting adjusted Guidelines offense level equaled twenty four. *Id.* at 8. With a criminal history category of I, *id.* at 9, the Guidelines range of imprisonment was fifty-one to sixty-three months of imprisonment, *id.* at 13.

After hearing testimony from Edmiston and his daughter, reviewing the Guidelines calculations, and considering the other sentencing factors set out in 18 U.S.C. § 3553(a), the district court went below the advisory range and sentenced the defendant to a term of imprisonment of twelve months and one day. Edmiston now challenges the reasonableness of that sentence.

**II**

"Sentences imposed post-*Booker* are reviewed for procedural and substantive reasonableness." *United States v. Conatser*, 514 F.3d 508, 519 (6th Cir.) (citing *United States v. Booker*, 543 U.S. 220, 261 (2005); *United States v. Williams*, 432 F.3d 621, 623 (6th Cir. 2005)), *cert. denied*, 129 S. Ct. 450 (2008). We first look to whether the district court committed any "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines

range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 128 S. Ct. 586, 597 (2007). If procedurally sound, we then review the sentence for substantive reasonableness under an abuse-of-discretion standard. *Id*.

On appeal, Edmiston contends that the district court erred in denying his request for a three-level reduction pursuant to U.S.S.G. §2X1.1 (Attempt, Solicitation, or Conspiracy (Not Covered by a Specific Offense Guideline)). He argued before the district court that his actions amounted to an attempt because, although the DVDs were delivered to his residence, he never truly possessed them and never viewed them. The district court rejected his objection, finding that he did possess the DVDs, even if only for a short period of time, and viewing them was not an element of possession of child pornography under 18 U.S.C. § 2252(a)(4)(B).

We find that the district court did not err in calculating Edmiston's Guidelines range. Section 2X1.1 is intended to apply when "the arrest occurs well before the defendant . . . has completed the acts necessary for the substantive offense." U.S.S.G. § 2X1.1, Background. As the district court correctly pointed out, Edmiston did possess the illegal materials, and actually viewing the materials is not an element of the crime. As Edmiston had completed the necessary acts for possession of child pornography, the § 2X1.1 departure was not available to him. In any event, Edmiston's argument completely ignores the illegal images that authorities discovered on his computer.

In his next claim, Edmiston maintains that any sentence of imprisonment is substantively unreasonable. He grounds his claim on his advanced age, his myriad health problems (life-long problems with his right leg resulting from childhood polio, cataracts, enlarged prostrate, and high

blood pressure), his otherwise unblemished criminal history, and his cooperation with authorities. Yet, these are all matters that the district court considered when weighing the various sentencing factors of 18 U.S.C. § 3553(a). The district court agreed with Edmiston that a sentence within the advisory Guidelines range would be longer than necessary for an individual in his situation. However, the district court also properly considered the serious nature of Edmiston's crime, especially the violent depiction of the child pornography. The district court explained that it had to consider the deterrent effect of a term of imprisonment not only as to Edmiston, but also as to society at large. Given all of this, it concluded that a minimal custody sentence was warranted. Upon review of the entire record, including the transcript of the sentencing hearing, we find no abuse of discretion in the district court's reasoning on this score.

## III

For the reasons set forth above, we **AFFIRM**.