NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0328n.06
Filed: May 13, 2009

Nos. 07-6020, 07-6120

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellant,

        v.

ROYAL RAYMOND WELLER,

    Defendant-Appellee.

On Appeal from the United
States District Court for the
Middle District of Tennessee
at Nashville

_____/

**Before:**    **GUY, ROGERS, and GRIFFIN, Circuit Judges.**

**PER CURIAM.**   After pleading guilty to eight counts of criminal activity involving child pornography, defendant Royal Raymond Weller was sentenced to 120 months' imprisonment followed by six years of supervised release. The government claims on appeal that the sentence was an unreasonable variance from the applicable United States Sentencing Guidelines range of 324 to 405 months. Finding the district court did not abuse its discretion in imposing Weller's sentence, we affirm.

**I.**

In 2006, federal law enforcement agents who were engaged in a multi-jurisdictional investigation of a child pornography internet "chat room" arrested Weller for possessing and distributing child pornography over the internet. Numerous other individuals, located in

different states, were also prosecuted. Weller was identified as the host of the enterprise. Weller was charged with conspiracy to distribute, receive, and possess child pornography in violation of code sections including 18 U.S.C. §§ 2252A(b)(1) and 2252A(b)(2) (Count 1); transportation of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(1) and 2252A(b)(1) (Counts 2-5); receipt of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and 2252A(b)(1) (Counts 6-7); and possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(1) (Count 8). After Weller's motion to suppress evidence was denied by the district court, he pleaded guilty to all counts in December 2006.

The Presentence Report (PSR) indicated a base offense level of 22 under U.S.S.G. § 2G2.2(a)(2). Twenty-two levels were added to the base because (1) the pornographic material involved prepubescent minors; (2) the offenses included distribution; (3) the material depicted sadistic or masochistic conduct or other violence; (4) the offenses involved use of a computer; (5) over 600 images of child pornography were involved; and (6) Weller was an organizer or leader of the criminal activity. Three levels were subtracted, under U.S.S.G. § 3E1.1(a) and (b), because Weller demonstrated acceptance of responsibility. This resulted in a total offense level of 41. Weller, who had no criminal record, received a criminal history category of I. Accordingly, the advisory sentencing guideline range was between 324 and 405 months. A mandatory minimum sentence of 60 months applied to Counts one through seven.

At the conclusion of the two-session sentencing hearing, involving the testimony of law enforcement and psychologists called by both Weller and the government, the government recommended a sentence at the low end of the guideline range. The district court considered Weller's cooperation with authorities and the lack of a government motion for downward departure, and the absence of evidence that Weller had any personal involvement in the molestation of children. The district court also considered Weller's leadership role in the chat room and the seriousness of the crimes. The district court further took into account Weller's age of 50 and his personal experience and issues, noting he expressed a sincere desire for treatment, and determined that "there are many mitigating factors in the Court's view in terms of Mr. Weller as a person." In conclusion, the court found a large variance from the guidelines was appropriate:

> However, the Court does not see in this case that a sentence within the guideline range is remotely necessary or sufficient to punish Mr. Weller, reflect the seriousness of his offense, promote respect for the law, protect the public from further crimes or give him treatment.
>
> The Court sees a sentence much below the guideline range as appropriate in this case considering all these factors. And so the sentence for Mr. Weller is going to be 120 months on each of the eight counts to run concurrent with each other.
>
> . . . .
>
> That will promote respect for the law. It certainly will send a message that this is a very serious offense and you will go away for a very long time. The Court considers ten years a very long time especially to a 50 year old man. That is just punishment.
>
> The Court, as Dr. Moore, does not have serious concerns about Mr. Weller reoffending particularly if he is able to get the treatment while he is incarcerated that he needs.

And I am going to impose a six year term of supervised release following that 120 months which will help assure that Mr. Weller stays on the straight and narrow when he gets out.

And I am sure I am not the only judge that in these kinds of cases is not endorsing when the individual situation is appropriate – and here we have my weighing the cooperation given by Mr. Weller that did not result in a motion – I do not believe this result will result in unwarranted sentencing disparities.

The government filed a timely appeal, following which Weller cross-appealed the denial of his motion to suppress.[1]

## II.

The government appeals the sentence in this case, arguing that it is both procedurally and substantively unreasonable. "'Post-*Booker*, we review a district court's sentencing determination "under a deferential abuse-of-discretion standard," for reasonableness.'" *United States v. Presley*, 547 F.3d 625, 629 (6th Cir. 2008) (citing *United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007) (quoting *Gall v. United States*, 128 S. Ct. 586, 591 (2007)).

**A.     Procedural Reasonableness**

As stated in *Gall*, in reviewing a sentence for procedural reasonableness, we must

ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.

*Gall*, 128 S. Ct. at 597. The government also cites the example of *United States v. Vowell*, 516 F.3d 503, 510 (6th Cir. 2008) for this proposition.

---

[1]The cross-appeal was abandoned by Weller.

Despite the government's concession that "the sentencing court calculated the guidelines correctly and ultimately discussed the 18 U.S.C. § 3553(a) factors," it contends that both comparison of the 120-month sentence in this case to the guideline range and consideration of the totality of the circumstances demonstrates that the district court abused its discretion and imposed a procedurally unreasonable sentence. The government focuses on a statement made by the district court near the beginning of the first sentencing hearing, when counsel for Weller argued that the authorized maximum sentence was 12 years pursuant to 18 U.S.C. § 3581(b).[2] The district court stated in response: "I believe in terms of where I think I'm going with the sentence, I don't really think I need to rule on [that]."

The government argues that the district court improperly came to a conclusion regarding the length of sentence *before* considering the § 3553(a) factors. The government cites no authority in making this argument, however, and we find it lacks merit. As argued by Weller, disclosure by the district court that it was considering a sentence below the guidelines certainly caused no prejudice to the government, actually affording it a chance to confront the issue during sentencing.[3] Although the government did not object to the disclosure when it was made, it was later granted a sentencing continuance to present an expert witness, and still made no reference to the court's disclosure. The district court's action comes nowhere close to the "significant procedural error" warned of in *Gall*, 128 S. Ct. at 597. Additionally, the simple fact of the variance between the 10-year sentence and

---

[2]This issue is not a part of this appeal.

[3]Weller cites *Irizarry v. United States*, 128 S. Ct. 2198, 2203 (2008) for the notion that such a disclosure is actually a sound sentencing practice.

the advisory guidelines range does not, by itself, make for a procedurally unreasonable sentence. *See United States v. Guthrie*, 557 F.3d 243, 255-56 (6th Cir. 2009). The district court provided its explanation for varying from the range prescribed by the guidelines, quoted above. This was sufficient under *Gall*.

**B.      Substantive Reasonableness**

If the sentence is procedurally sound, we then review for substantive reasonableness under the abuse of discretion standard. *Gall*, 128 S. Ct. at 597. The government contends that a variation of 204 months from the low end of the advisory guideline range was neither justified nor explained by the district court. In *Rita v. United States*, 127 S. Ct. 2456 (2007), the Supreme Court stated that it is incumbent on the sentencing court to "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Id*. at 2468. *See also Guthrie*, 557 F.3d at 256.

Weller cites *United States v. Grossman*, 513 F.3d 592 (6th Cir. 2008), where the defendant, who had been involved with child pornography on the internet for five years, pleaded guilty to possession of child pornography.[4] Despite a recommended guidelines sentence at the statutory maximum of 120 months in prison, and 10 years of supervised release, the district court imposed a sentence of five and one-half years, followed by 10 years of supervised release. *Id*. at 595-96. In *Grossman*, we noted *Gall*'s holding that extraordinary circumstances are no longer required to justify sentences above or below

---

[4]Weller also cites *United States v. Beach*, 275 F. App'x 529 (6th Cir. 2008), as well as numerous published child pornography cases from other circuits where sentences below guidelines were affirmed.

guidelines ranges, but that "some correlation between the extent of a variance and the justification for it" may be required. *Grossman*, 513 F.3d at 596, citing *Gall*, 128 S. Ct. at 594-95. Specifically, we found in *Grossman* that the district court's significant variance from the guidelines reasonably relied on the defendant's education, candidacy for rehabilitation, and recognition of the seriousness of the crime. We also found reasonable the district court's determination that a longer sentence could be replaced by "extensive counseling and treatment and an extensive period of supervised release, which itself contains substantial limitations on an individual's freedom." *Grossman*, 513 F.3d at 597.

In the case at bar, the district court placed emphasis on the cooperation Weller gave authorities without receiving anything in return. It noted that Weller pleaded guilty, without a plea agreement, to all eight charges, and that he had no criminal history. Although the district court found the crimes committed to be "horrific," and that Weller's leadership role in the chat room was "an extremely serious offense," the court noted a lack of any evidence that Weller had sold or produced child pornography or engaged in the molestation of children.[5] The district court considered Weller's consistent work history and positive family relationships. It also found that Weller had not previously recognized the extent of the damage child pornography visits upon children, and that he knew he had serious problems and sincerely desired treatment for those problems. The district court recommended specific

---

[5]The government asserts that the district court exaggerated the extent of Weller's cooperation, and that reliance on a lack of criminal history was inappropriate, as it is already taken into account by the guidelines. Similarly, the government asserts that the finding of an absence of evidence concerning physical abuse of children was improper, given that he was not charged with that offense. As argued by Weller, in making these arguments the government relies in part on *United States v. Borho*, 485 F.3d 904 (6th Cir. 2007), a case that predated *Gall* and is not persuasive here.

sex offender treatment programs during Weller's period of incarceration. It also considered Weller's age of 50, and the resultant lower risk of recidivism after ten years. The district court considered the need to avoid sentence disparities by comparing Weller's situation to that of one of the other individuals involved, who had received a 120-month sentence.[6] At the conclusion of its sentence, the district court denied Weller's objection to the PSR's condition that he receive sex offender treatment following incarceration. The district court thoroughly applied the 18 U.S.C. § 3553(a) factors, although they were not explicitly named while imposing the sentence. *See United States v. Pearce*, 531 F.3d 374, 385 (6th Cir. 2008).

Ultimately, much of the government's argument asserts that the district court's discretion was applied incorrectly, rather than abused. However, "[d]istrict courts enjoy discretion in sentencing based on their 'ring-side perspective on the sentencing hearing and [their] experience over time in sentencing other individuals.'" *Guthrie*, 557 F.3d at 256 (quoting *United States v. Poynter*, 495 F.3d 349, 352 (6th Cir. 2007)).

**AFFIRMED.**

---

[6]The government asserts that this defendant was convicted only of possession of child pornography, distinguishing the case from Weller's, but the PSR gave no specifics about any of the other defendants or their histories.