NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0721n.06

No. 10-1658

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED

*Oct 20, 2011*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff-Appellant,* | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE EASTERN DISTRICT OF |
| | ) | MICHIGAN |
| KEITHAN LUPOE, | ) | |
| | ) | |
| *Defendant-Appellee.* | ) | |

Before:  MOORE and ROGERS, Circuit Judges; and HOOD, District Judge.[*]

**PER CURIAM.**  Keithan Lupoe pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and was sentenced to eighteen months' imprisonment.  The United States of America challenges the substantive reasonableness of the sentence imposed by the district court, arguing that the sentencing judge relied on impermissible factors in arriving at the sentence.  For the reasons explained below, we **AFFIRM** his sentence.

**I.     Factual and Procedural Background**

Drug Enforcement Agency (DEA) officers set up surveillance of Lupoe's two residences in Detroit after receiving information from a confidential source that Lupoe had been trafficking large amounts of heroin through the area.  On February 5, 2009, and again on February 13, 2009, Lupoe

_____

     *     The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

distributed heroin in controlled purchases to the confidential source as DEA agents conducted surveillance. DEA agents then obtained a warrant and searched Lupoe's residences on February 19, 2009. At one of those residences, DEA agents discovered .46 grams of heroin, 300.3 grams of marijuana, a digital scale, $3,399.00 in currency, and a loaded 12-gauge shotgun.

Following the search of his residences, Lupoe waived his Miranda rights and spoke with DEA agents. When the DEA's interviewing agent asked Lupoe about the shotgun seized from under his bed, Lupoe responded that he had the shotgun for nearly two years and that he kept it underneath his bed for protection. When asked about the marijuana, Lupoe responded that he kept it around for friends when he entertained at his residence.

Lupoe was not a stranger to the criminal justice system at the time of the search and the discovery of the shotgun under his bed. In 1990, Lupoe pleaded guilty to possession of cocaine and a felony firearm offense. While awaiting sentencing on that case, Lupoe was arrested again, and he later pleaded guilty to distributing a controlled substance. As a result of those convictions, Lupoe served almost seven years in prison. Then, in 2003, Lupoe pleaded guilty to carrying a concealed weapon, and was sentenced to two to five years' incarceration. So it came to pass that, in May 2009, a federal grand jury in the Eastern District of Michigan charged Lupoe with one count of knowingly possessing a firearm after having been previously convicted of at least one felony, in violation of 18 U.S.C. § 922(g)(1). Three months after the return of the indictment, Lupoe pleaded guilty to the count without a plea agreement with the government.

A presentence report (PSR) was prepared. The PSR calculated a total offense level of 21 under the United States Sentencing Guidelines Manual for Lupoe's violation of 18 U.S.C. § 922(g)(1). The calculation was made using a base offense level of 20, adding 4 points for the fact that he possessed the firearm in connection with another felony offense, pursuant to U.S.S.G. § 2K2.1(a)(4)(A) and § 2K2.1(b)(6), then reducing the calculation by 3 points for acceptance of

responsibility, pursuant to U.S.S.G. § 3E1.1. When considered together with his criminal history category of IV, the Sentencing Guidelines recommendation was for an imprisonment range of 57 to 71 months. No one disputes that the Guidelines range was properly calculated.

The sentencing hearing took place on April 8, 2010. At the outset of the proceeding, the district court judge expressed his belief that a variance would be necessary. He "believe[d] that the criminal history overstates the seriousness of the offense of conviction" and thought that he should approach the sentencing task as though Defendant had a criminal history category II. When the judge inquired what range would result, he was advised by the probation officer that such an assumption would yield a guidelines range of 41 to 51 months of imprisonment. The district judge again related that he was not satisfied that the sentence proposed would accurately reflect the seriousness of the offense, as follows:

> I am also of the view that defendant is entitled to a variance because of the fact that the investigation which led to the disclosure of the shotgun was not looking for guns, it was looking for narcotics and controlled substances, and the finding of a weapon was serendipitous. He could just as well have been charged with another offense with an adjustment of weapons present as he could be the weapons offense.

Had Lupoe been charged with a hypothetical controlled substances offense for the items seized from the house, the sentencing judge reasoned that the Guidelines calculation would have been very different, as follows:

> A search of the house resulted in the confiscation of 300.3 grams of marijuana and .46 grams of heroin. Pursuant to 2D1.1 the drugs are converted, et cetera, and according to the drug quantity table at 2D1.1, 250 grams of marijuana but less than 1 kilogram of marijuana has a base offense of 8. Pursuant to 2D1.1 -- 2D1.1(b)(1), the offense level would be increased by two levels since he possessed a firearm. This would be reduced by two levels for acceptance of responsibility. The Total Offense Level would be 8. With a Criminal History Category IV, the resulting guideline range would be 10 to 16 months.

He then announced that the sentence would be 18 months. The government objected on the grounds that, while it could have charged Lupoe as the district court "propose[d]," the decision to seek an indictment from the grand jury on the firearm offense was a "matter of prosecutorial discretion." The government submitted that the PSR calculated the appropriate Guidelines range of 57 to 71 months of imprisonment for the crime charged in the indictment and requested that the district court impose a sentence of 60 months.

Naturally, Lupoe had no objections. The district court announced that it was satisfied that the sentence of 18 months was "consistent with the requirements, the factors set forth in [18 U.S.C. §] 3553(a)." The sentencing judge did not recite the factors but concluded that "the sentence is sufficient but not greater than necessary to satisfy the purposes of sentencing, just punishment, deterrence, protection of the public, and rehabilitation of the defendant." He then issued a written judgment memorializing the sentence.

## II.    Standard of Review

This Court reviews a district court's sentence, "under a deferential abuse-of-discretion standard," for reasonableness. *Gall v. United States*, 552 U.S. 38, 46 (2007); *see also United States v. Booker*, 543 U.S. 220, 261-62 (2005); *United States v. Lapsins*, 570 F.3d 758, 772 (6th Cir. 2009). A district court abuses its discretion if it imposes a sentence that is procedurally or substantively unreasonable. *Gall*, 552 U.S. at 51. While a presumption of reasonableness attaches to within-guidelines sentences, *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc), no such presumption is enjoyed where a sentence falls outside of the properly calculated range. *United States v. Denny*, __ F.3d ___, 2011 WL 3477110, *7 (6th Cir. Aug. 10, 2011). Rather, we may consider "the totality of the circumstances, including the extent of any variance from the Guidelines range." *Id*. (quoting *Gall*, 552 U.S. at 51).

4

**III. Analysis**

The sentence of 18 months imposed on Lupoe for his violation of 18 U.S.C. § 922(g)(1) by the district court was substantively reasonable.[1] The district court's reasoned decision was not arbitrary nor was it based on impermissible factors. In fact, it was based on the relevant factors set forth in 18 U.S.C. § 3553(a), as set forth below, without providing an unreasonable amount of weight to any of the pertinent factors and, thus, achieved the purposes of § 3553(a).

"A sentence is substantively unreasonable if the district court 'selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor.'" *Lapsins*, 570 F.3d at 772 (quoting *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008)). It is well-settled that a district court's "consider[ation of] a factor that has no relation to the § 3553(a) factors" may constitute substantive unreasonableness as "it is clear that a 'sentence based on an improper factor fails to achieve the purposes of § 3553(a) and may be unreasonable regardless of length.'" *United States v. Recla*, 560 F.3d 539, 544-45 (6th Cir. 2009) (quoting *United States v. Malone*, 503 F.3d 481, 484 (6th Cir. 2007)).

The sentencing judge announced that he intended to vary from the sentence recommended for Lupoe under the Guidelines and properly proceeded to do so based on the disconnect that he

---

[1] We review sentences imposed post-*Booker* for both procedural and substantive reasonableness. *United States v. Conatser*, 514 F.3d 508, 519 (6th Cir. 2008) (citing *Booker*, 543 U.S. at 261; *United States v. Williams*, 432 F.3d 621, 623 (6th Cir. 2005)). We "first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range." *Gall*, 552 U.S. at 39. No one has suggested that the sentencing court committed a significant procedural error in sentencing Lupoe, so we proceed to consider whether the sentence was substantively reasonable.

5

perceived between the recommended sentence, the nature and circumstances of Lupoe's offense of being a felon in possession of a firearm, and the need for the sentence imposed to reflect the seriousness of the offense. *See Denny*, 2011 WL 3477110, \*3 ("The seriousness of the offense is explicitly a § 3553(a) factor to be considered."); *United States v. Grams*, 566 F.3d 683, 686-87 (6th Cir. 2009) ("A 'variance' refers to the selection of a sentence outside of the advisory Guidelines range based upon the district court's weighing of one or more of the sentencing factors of § 3553(a)."). He first considered whether approaching sentencing through the lens of Criminal History Category II would yield a range more in keeping with his view of the nature and circumstances of the offense and the seriousness of the offense. When he was advised that a total Offense Level of 21 and a Criminal History Category II would produce a guideline range of 41 to 51 months, he was unsatisfied that the resulting range, while lower, was enough of a downward variance to permit him to impose a sentence "sufficient, but not greater than necessary" to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2).

Still seeking a sentence which would achieve the purposes of § 3553(a) in light of the facts, circumstances, and offense conduct to which Lupoe had admitted, the sentencing judge compared the properly calculated range for defendant with the relatively short sentencing range that would have been recommended under the Guidelines had Defendant been charged with possessing the drugs found during the search which resulted in the felon-in-possession charge. While the government would have us conclude that the sentencing judge's decision to vary was guided exclusively by a belief that the defendant should have been charged with a different crime than the one to which he pleaded guilty, we are not so persuaded. The sentencing judge never articulated a belief that Lupoe *should* have been charged differently by the grand jury. Rather he engaged in a hypothetical Guidelines calculation in order that he could more fully appreciate the circumstances under which Lupoe was found to be a felon in possession, ultimately rationalizing a sharp downward variance

6

from the recommended range of 57 to 71 months to a sentence of 18 months. It is telling that he then announced a sentence which exceeded the range for the hypothetical drug charge. We need not consider the hypothetical Guidelines calculation performed by the sentencing judge in a vacuum because he did not, and we decline to do so.

At the outset of the hearing, the sentencing judge identified the task before him – crafting a sentence which would accommodate the purposes of sentencing set forth in § 3553(a) where the properly calculated Guidelines range was, in his mind, too excessive to achieve that end. It is not surprising that he carefully considered the nature of what the defendant was doing at the time that the firearm was found, as well as the circumstances of how the firearm in his possession was found, and his hypothetical Guideline calculation was only one of the tools that he used to evaluate the facts and circumstances before him.

Only at the end of that process was the sentencing judge satisfied that the sentence imposed was "consistent with the . . . factors set forth in 3553(a), I will not recite them, and that the sentence [was] sufficient but not greater than necessary to satisfy the purposes of sentencing, just punishment, deterrence, protection of the public, and rehabilitation of the defendant." Considering the totality of the circumstances, including the fact that he did set forth his reasoning, that he maintained his focus on the § 3553(a) factors, and the absence of any suggestion that he gave an unreasonable amount of weight to any pertinent factor, we cannot disagree. The district court's references to the § 3553(a) factors during the hearing were terse, to say the least, but there can be no doubt that the sentencing judge properly effected a variance and imposed a sentence with reference to the appropriate factors. We conclude that the sentence imposed by the district court was substantively reasonable.

7

**IV.     CONCLUSION**

For all of the reasons stated above, the decision of the district court is **AFFIRMED**.