**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0836n.06

No. 10-3797

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| | **FILED** | |
| | **Dec 13, 2011** | |
| | LEONARD GREEN, Clerk | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | C O U R T   F O R   T H E |
| v. | ) | SOUTHERN DISTRICT OF |
| | ) | OHIO |
| TIMOTHY O. MYERS, | ) | |
| | ) | **O P I N I O N** |
| Defendant-Appellant. | | |

BEFORE: NORRIS, SUTTON, and GRIFFIN, Circuit Judges.

**ALAN E. NORRIS, Circuit Judge.** Defendant Timothy Myers pleaded guilty to both counts of an information that charged him with possession of child pornography, 18 U.S.C. § 2252(a)(4)(B), and criminal forfeiture, 18 U.S.C. § 2253(a)(1), (3). The parties agreed that the advisory guidelines range was between 51 and 63 months of incarceration. However, the pre-sentence report ("PSR") recommended a sentence of 30 months' based upon defendant's lack of a prior criminal record and twenty years of military service. The district court declined this recommendation and imposed a 60-month sentence. Defendant now appeals on the grounds that the sentence was procedurally and substantively unreasonable.

**I.**

This prosecution had its genesis in an investigation conducted by the European Law Enforcement Organization ("Europol"), which identified an Italian national who was operating a

website that trafficked in child pornography. Europol forwarded the email addresses of the website's

customers located in this country to the United States Postal Service. One address belonged to

defendant. Postal inspectors then posed as the Italian website and offered to sell defendant sexually

explicit videos of children. He ultimately ordered three. A controlled delivery was made to

defendant's home in Gahanna, Ohio. A search warrant of the home was executed shortly thereafter

and a computer containing more than 600 images and 74 videos of child pornography was seized.

A two-count information charged defendant with possession of child pornography and sought

forfeiture of his computer equipment. Defendant entered into an agreement with the government in

which he pleaded guilty to both counts.

The government filed a sentencing memorandum which stressed the societal harms

associated with possession of child pornography. It noted, however, that defendant was 63 years old,

had an exemplary work record, had no criminal history, served in the military for twenty years, and

was the sole care giver to his 97 year-old father.

Defense counsel likewise filed a sentencing memorandum. It acknowledged the seriousness

of the offense but focused on defendant's otherwise solid character. The memorandum requested

the district court to sentence defendant to six months of imprisonment and seven years of supervised

release.

The parties reiterated their arguments at the sentencing hearing. After hearing from the

attorneys, the district court gave its view of the sentencing considerations:

> The threshold consideration is to impose a sentence that both reflects the
> seriousness of the offense and considers the history and characteristics of the
> defendant. In this case, it is clear that Mr. Myers has led a pretty exemplary life. He

served our country. He does not have a criminal record; I believe a minor traffic violation or something of that sort, but he doesn't have a criminal record. It appears that beginning in 2005, at least that's when it was first documented, that he began engaging in child pornography which this Court and I think everyone else considers to be quite serious an offense, if not indeed a heinous offense. This Court certainly considers it to be a heinous crime.

There seems to have been some duality in Mr. Myers' circumstances because on the one hand he was [a] law-abiding citizen, and on the other hand he was simultaneously committing one of the most heinous offenses that one could commit. Because when you engage in the crime of child pornography, as the Court said, you really open up the floodgates to a myriad of offenses that would be perpetrated against kids, but the most significant of which the Court considers to be robbing them of their youth. Because once you deprive a child of his or her innocence by these types of crimes, I don't think – and I think that the science also informs that their youth can never be recaptured. So you deprive them of perhaps the most valuable thing that they have short of their lives – and often this leads to that – but their innocence.

The court went on to consider the sentencing factors listed in 18 U.S.C. § 3553(a), emphasizing the importance of deterrence and protection of the public. It also singled out the need to avoid sentencing discrepancies among similarly situated defendants.

Thereafter, the district court pronounced the sentence: 60 months of incarceration, five years of supervised release, as well as other restrictions and duties, such as registering in a sex offender treatment program.

## II.

We review a district court's sentencing determination under a deferential "abuse-of-discretion standard" for reasonableness, which has both a procedural and a substantive component. *Gall v. United States*, 552 U.S. 38, 51 (2007). This court must first ensure that the district court committed no procedural error. *Id.* A district court necessarily abuses its sentencing discretion if it "commit[s]

[a] significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence – including an explanation for any deviation from the Guidelines range." *Id.*

If the district court's sentencing decision was procedurally sound, we will "then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard[,] . . . tak[ing] into account the totality of the circumstances . . . ." *Id.* This court also applies a rebuttable presumption of reasonableness for sentences within the Guidelines range. *United States v. Heriot*, 496 F.3d 601, 608 (6th Cir. 2007); *see also Gall*, 552 U.S. at 51("If the sentence is within the Guidelines range, the appellate court may . . . apply a presumption of reasonableness.") (citing *Rita v. United States*, 551 U.S. 338 (2007)).

Procedural Reasonableness

Defendant does not contend that the district court erred in calculating the advisory guidelines range. Nor does he allege that the district court labored under the impression that it must sentence defendant within that range. Rather, the thrust of his argument is that the district court failed to consider adequately the various sentencing factors set forth in 18 U.S.C. § 3553(a) and to explain why it balanced those factors in the way that it did.

This court has repeatedly stated that a district court need not engage in a ritualistic incantation of the § 3553(a) sentencing factors as long as its explanation is sufficiently detailed to permit meaningful appellate review. *United States v. Moon*, 513 F.3d 527, 539 (6th Cir. 2008). In defendant's view, the district court failed to fully address the major theme of his sentencing

memorandum: that the nature and circumstances of the offense, when coupled with and the personal characteristics of defendant, justified a reduced sentence. Specifically, he points to his age, lack of a criminal history, military service, expressions of remorse, and the fact that, while he possessed child pornography, he did not distribute it. However, defendant's position is at odds with the district court's explanation, quoted earlier in this opinion, that defendant "has led a pretty exemplary life" and had served his country. While it is true that the district court emphasized other § 3553(a) factors in fashioning its sentence, particularly the need for deterrence, it was clearly aware of defendant's personal characteristics and noted that "I must consider all of the factors." In short, we find the sentence to be procedurally reasonable.

Substantive Reasonableness

As already noted, a sentence is substantively unreasonable when it is arbitrary, based on impermissible factors, or gives an unreasonable amount of weight to any pertinent factor. *United States v. Brown*, 557 F.3d 297, 299 (6th Cir. 2009). This court has noted that there is some overlap between the inquiries for procedural and substantive reasonableness. *See United States v. Comacho-Arellano*, 614 F.3d 244, 247 and n.1 (6th Cir. 2010). From our point of view, substantive reasonableness dwells less on the technical correctness of a sentence (whether the guidelines were properly calculated) than it does on this simple question: Under the totality of the circumstances, is the sentence reasonable? One aspect of reasonableness is surely whether the sentence imposed comports with those given to defendants with similar records "who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

With respect to child pornography, that disparity can be troubling. As defendant notes, this circuit has upheld a downward variance in a case in which defendant was convicted of two counts of possession of child pornography. *United States v. Stall*, 581 F.3d 276 (6th Cir. 2009). Despite the two-count conviction, the district court sentenced defendant to one day of incarceration followed by a ten-year period of supervised release. In upholding the sentence, we observed that the district court provided an ample explanation, supported by evidence, to justify its downward variance. Other cases from this circuit have likewise affirmed downward variances for possession of child pornography. *See, e.g., United States v. Grossman*, 513 F.3d 592 (6th Cir. 2008) (affirming sentence of 66 months of incarceration when guidelines called for 120 months); *United States v. Edmiston*, 324 F. App'x 496 (6th Cir. 2009) (per curiam) (affirming sentence of one year and one day when guidelines range had been 51 to 63 months). This court has also affirmed downward variances in cases involving the more serious offense of distribution of child pornography. *See, e.g., United States v. Cherry*, 487 F.3d 366 (6th Cir. 2007) (affirming a 43% downward variance from the low end of the guidelines range); *United States v. Weller*, 330 F. App'x 506 (6th Cir. 2009) (per curiam) (affirming sentence of 120 months, a downward variance of 204 months from the low end of the guidelines range). In defendant's view, this sentencing consideration, when coupled with the district court's failure to address his personal characteristics in more than a cursory fashion, renders the sentence unreasonable.

We understand defendant's position. Given his age and personal history, a sentence of 60 months of incarceration seems harsh. However, his sentence falls within the advisory guidelines range and is therefore entitled to a presumption of correctness. *Heriot*, 496 F.3d at 608. In all of the

cases cited above, this court was *affirming* a downward variance in sentencing, that is, *deferring* to the district court. By contrast, defendant here asks us to reverse his sentence by finding the district court's judgment to be substantively unreasonable. Given the presumption of correctness accorded to sentences within a properly calculated guidelines range and defendant's failure to rebut that presumption, we conclude that the sentenceis substantively reasonable.

**III.**

The judgment is **affirmed**.