**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0505n.06
Filed: July 19, 2006

**No. 05-6630**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| MARECO CARAWAY, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

_____

BEFORE: SUHRHEINRICH and GRIFFIN, Circuit Judges, and SPIEGEL, District Judge.[*]

PER CURIAM.

A federal jury convicted Mareco Caraway of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), and the district court sentenced him to 302 months in prison and three years of supervised release. Caraway appealed, and this court affirmed his conviction but remanded for resentencing in light of *United States v. Booker*, 543 U.S. 220 (2005). *United States v. Caraway*, 411 F.3d 679 (6th Cir. 2005).

After holding a new sentencing hearing, the district court again imposed a sentence of 302 months in prison and three years of supervised release. This compared to a statutory minimum of 180 months and a Guidelines range of 262-327 months. Caraway appeals, contending that his

_____

[*]The Honorable S. Arthur Spiegel, Senior United States District Judge, United States District Court for the Southern District of Ohio, sitting by designation.

sentence is unreasonable under *Booker* review. He also contends that a jury should have determined whether his prior convictions were for violent crimes as required for sentence enhancement under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA").

We affirm.

I.

In *Booker*, the United States Supreme Court held that the Sixth Amendment requires that the U.S. Sentencing Guidelines be treated as advisory, not mandatory. Under *Booker*, we subject sentences to reasonableness review, *United States v. Williams*, 432 F.3d 621, 622 (6th Cir. 2005), which has substantive and procedural components, *United States v. Jones*, 445 F.3d 865, 869 (6th Cir. 2006) (citation omitted). We consider the length of the sentence (substantive reasonableness), as well as "'the factors evaluated and the procedures employed by the district court in reaching its sentencing determination [procedural reasonableness].'" *Id.* (quoting *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005), *cert. denied*, – U.S. –, 126 S. Ct. 1110 (2006)).

In order for this court to meaningfully review a sentence for reasonableness, the district court must adequately explain its reasons for imposing the sentence. *Jones*, 445 F.3d at 869. The district court must (1) acknowledge the applicable Guideline range; (2) discuss the reasonableness of a variation from that range; (3) consider the advisory provisions of the Guidelines; and (4) consider the other factors set forth in 18 U.S.C. § 3553(a). *Williams*, 432 F.3d at 622-23; *see United States v. Coffee*, 434 F.3d 887, 898 (6th Cir.) ("'District courts . . . must . . . calculate the Guideline range as they would have done prior to *Booker*, but then sentence defendants by taking into account all of

the relevant factors of 18 U.S.C. § 3553, as well as the Guidelines range.'") (quoting *United States*

*v. Stone*, 432 F.3d 651, 654-55 (6th Cir. 2005)), *cert. denied*, – U.S. –, 126 S. Ct. 2313 (2006).

Title 18 U.S.C. § 3553(a), Factors to Be Considered in Imposing a Sentence, provides,

The court, in determining the particular sentence to be imposed, shall consider –

(1)    the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)    the need for the sentence imposed –

(A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B)    to afford adequate deterrence to criminal conduct;
(C)    to protect the public from further crimes of the defendant; and
(D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)    the kinds of sentences available;

(4)    the kinds of sentence and the sentencing range established for –

(A)    the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines –
(i)    issued by the Sentencing Commission . . . ; and
(ii)    that . . . are in effect on the date the defendant is sentenced; . . . .

(5)    any pertinent policy statement –

(i)    issued by the Sentencing Commission . . . ; and
(ii)    that . . . is in effect on the date the defendant is sentenced.

(6)    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;

(7)    the need to provide restitution to any victims of the offense.

"The court need not recite these factors but must articulate its reasoning in deciding to impose a sentence in order to allow for reasonable appellate review." *United States v. Kirby*, 418 F.3d 621, 626 (6th Cir. 2005).

For a defendant with Caraway's offense level (34) and criminal history category (VI), the Guidelines suggested 262-327 months in prison followed by three to five years of supervised release; the district court sentenced Caraway to 302 months in prison followed by three years of supervised release. A properly calculated sentence within the Guidelines range is accorded a rebuttable presumption of reasonableness. *United States v. Buchanan*, 449 F.3d 731, 734 (6th Cir. 2006). As discussed below, Caraway alleges only one error in the district court's calculation of his offense level – determining for itself whether his prior convictions were for crimes of violence, rather than submitting that issue to the jury – and his argument lacks merit. Caraway does not allege any error in the calculation of his criminal history score. Therefore, the district court properly calculated Caraway's guidelines range, and the sentence imposed within that range is rebuttably presumed to be reasonable. Caraway has not rebutted that presumption.

At sentencing, the district court noted the guidelines range and "provided sufficient indication of its consideration of the factors listed in 18 U.S.C. § 3553(a) to give this court a sufficient basis to review the sentence for unreasonableness." *United States v. Ward*, 447 F.3d 869, 871-72 (6th Cir. 2006). The district court recited applicable § 3553(a) factors and explained its reasoning for each:

The first inquiry is what about the offense?

What were the nature and circumstances of the offense, how serious was it? [§ 3553(a)(1) and (a)(2)(A)]

The possession of a firearm by a felon is a serious offense in itself. This was more serious than that. The testimony at the trial was that this defendant fled from law enforcement officers, that he had a pistol, that he could not fire the pistol, but that the officer who pursued the defendant at some personal risk found the defendant crouching behind a shed, pointed his pistol. The officer had to simply come around the other way. To use a pistol in that way and that [then] the fact that there's an official victim are very serious, when you compound the original seriousness of the offense.

A case like this is especially serious when someone easily could have been hurt here, Mr. Caraway could have been hurt, but [by] that I mean could have been shot, killed or wounded, and so could one or more of the police officers who were involved, a risk to them in the court's view given the circumstances of this offense and given the defendant's criminal history were substantial.

The court needs to also consider the history and characteristics of this defendant, particularly in light of the need for deterrence.

Obviously there has to be the need to deter others from criminal conduct is strong in this case, not only a deterrent for possessing firearms when they're guilty of prior felony convictions, but to deter others from using firearms and from attempting to evade the police or at least trying to perform their duty.

Let's look at this defendant and his situation.

He has substantial criminal history, a long criminal history, it began at the age of 14. That history amounts to 27 points, and 13 points or more would establish a category of VI, the maximum category.

\* \* \*

Trying to get behind those numbers and that category[,] one finds that the crimes fall into different [classifications]. There's a span of burglary in his younger years. There's a pattern of robbery, especially aggravated robbery, and there's a pattern of resisting arrest is what I would call it.

The burglaries began as a juvenile, they continue into adulthood. The robberies are very serious, they involve the use of firearms and threatened use of firearms.

The defendant did go through a period of where [sic] he wasn't committing crimes, but that period was when he was incarcerated. When he came out, he committed this offense, committed it within two years of his release from prison. . . . . So the record would indicate that the only thing that prevented the defendant from engaging in additional crimes was incarceration. [§ 3553(a)(2)(B)]

Unfortunately the struggle with the police officer in this case is consistent with the problems that occurred in August 1994 . . . when the defendant broke free, struck an officer, caused lacerations to the officer's face and arms and then fled on foot, ultimately apprehended.

So for those reasons it's particularly important to protect the public from further crimes by this defendant. And that's what drove the sentence before and that's a substantial part of what's driving the sentence now. [§ 3553(a)(2)(C)]

I have to consider the guidelines under [section] 3553, and I'm doing that.

The need to avoid unwarranted sentencing disparities between this defendant and others with similar records that may have been found guilty of similar conduct. [§ 3553(a)(6)]

The guidelines are the best way to do that.

No restitution. [§ 3553(a)(7)]

So I'm convinced that a guideline sentence in this case is a reasonable sentence.

What sort of guideline sentence would that be?

I sentenced the defendant before to the middle of the guideline range. [§ 3553(a)(4)(A)] It's a substantial sentence. I recognize it's a substantial sentence. But it corresponds to a serious crime, and an extraordinary serious criminal history.

I believed then and I believe now that the sentence is necessary to protect the public. The criminal history is the best means I know of predicting recidivism. And I don't doubt Mr. Caraway's sincerity when he says that he doesn't want to continue with crime, I don't doubt that at all, but given his history, despite his present sincerity, I think it's more likely than not that he will.

So for these reasons . . . 302 months incarceration is a reasonable sentence.

The district court did not expressly discuss § 3553(a)(5)(A), "any pertinent policy statement . . . by the Sentencing Commission . . . in effect on the date the defendant is sentenced," but Caraway does not identify any policy statement that he believes the district court should have considered. Likewise, the district court did not discuss § 3553(a)(2)(D), "the need for the sentence imposed – to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." Caraway, however, did not identify any issue involving education, training, medical care, or drug treatment, either at sentencing or on appeal.

Therefore, we have no basis to conclude that the district court's analysis was undermined by the fact that it did not discuss the § 3553(a)(2)(D) and (a)(5) factors. *See United States v. Williams*, 436 F.3d 706, 710 (6th Cir. 2006) ("'Although the district court may not have mentioned all of the factors . . . explicitly, and although explicit mention of those factors may facilitate review, this court has never required the "ritual incantation" of the factors to affirm a sentence.'") (quoting *United States v. Johnson*, 403 F.3d 813, 816 (6th Cir. 2005)).

Caraway lodges only one specific objection to his sentence, and it is misplaced. He argues that the court "erred when it merged two required factors under § 3553(a) when it found that the guideline sentence was *the only way* to prevent unwarranted sentencing disparities." The district court stated not that a guidelines sentence was the "only" way to prevent unwarranted disparities, but that it was the "best" way under the circumstances.

Moreover, the district court's articulated consideration of the statutory factors forecloses any notion that it felt obligated to stay within the Guidelines range or believed that staying within that

range obviated its duty to consider the statutory factors. Overall, the district court adequately explained its consideration of the § 3553(a) factors. Thus, we conclude that the sentence is procedurally reasonable.

## II.

Next, Caraway contends that, although the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), excepts "the fact of a prior conviction" from the general rule that sentencing-enhancing facts must be found by a jury and proved beyond a reasonable doubt, language in the Court's subsequent opinion in *Shepherd v. United States*, 544 U.S. 13, 28 (2005) (Thomas, J., concurring), intimates that the Court soon plans to overrule its decision in *Almendarez-Torres v. United States*, 523 U.S. 224, 246 (1998).

Because defendant failed to object to the ACCA enhancement, we review for plain error. *United States v. Hall*, 411 F.3d 651, 653 (6th Cir. 2005).

Caraway's plain error challenge is foreclosed by our decision in *United States v. Barnett*, 398 F.3d 516 (6th Cir. 2005), wherein we held that "[e]xisting case law establishes that *Apprendi* does not require the nature or character of prior convictions to be determined by a jury[,]" *id*. at 524. *Accord United States v. Beasley*, 442 F.3d 386, 391 (6th Cir. 2006) ("[W]e have held that a district court does not violate the Sixth Amendment by determining the fact and nature of a defendant's prior convictions and using these findings to impose an increased sentence under the Armed Career Criminal Act."); *United States v. Poole*, 407 F.3d 767, 777 (6th Cir.) ("*Booker*'s holding, that the Sixth Amendment bars mandatory enhancements based on judicial fact-finding, does not apply to

the 'fact of a prior conviction.'"), *cert. denied*, – U.S. –, 126 S. Ct. 279 (2005).  Additionally, we

have previously rejected a defendant's reliance on Justice Thomas's concurring opinion in *Shepherd*

for the proposition that the Supreme Court intends to overrule *Almendarez-Torres*.  *United States*

*v. Hill*, 440 F.3d 292, 299 n.3 (6th Cir. 2006).  Given that the universal weight of authority

contradicts Caraway's position,[1] we affirm his resentencing.

Affirmed.

---

[1]*See, e.g., United States v. Shelton*, 400 F.3d 1325, 1329 (11th Cir. 2005) (concluding that *Almendarez-Torres* "was left undisturbed by *Apprendi*, *Blakely*, and *Booker*"); *United States v. Garza-Lopez*, 410 F.3d 268, 276 (5th Cir.) (rejecting defendant's argument that *Almendarez-Torres* was incorrectly decided and observing that *Almendarez-Torres* remains binding), *cert. denied*, – U.S. –, 126 S. Ct. 298 (2005); *United States v. Ordaz*, 398 F.3d 236, 241 (3d Cir. 2005) (noting that the decision in *Almendarez-Torres* still stands, despite *Blakely* and *Booker,* because "an inferior federal court [has] the responsibility to follow directly applicable Supreme Court decisions").